LOCAL FORM 3015-1
REVISED 09/2025

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: Oseth, Jennifer
Oseth, Jeffrey

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

Case No. 23-32765
CHAPTER 13 PLAN ☑ Modified

Dated 07/29/2026

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☐ Included | ☑ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee **$6160** (including balance on hand of 2256.82

2.2 After the date of this plan, the debtor will pay the trustee: **$23,710.00** .

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $450.00 | 1 (08/2026) | 39 (10/2029) | 39 | 17550.00 |
| | | | | |
| | | | PART 2.2 SUBTOTAL: | **$17,550.00** |

2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.

2.4 The debtor will also pay the trustee **$0.00; Debtor will pay over to the trustee any bonuses received during the plan** .

2.5 The debtor will pay the trustee a total of **$23,710.00** [lines 2.1 + 2.2 + 2.4].

2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **Debtor will turn over all tax refunds above $1200.00 for a single person or $2000 for a married couple.** .

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or **$2,371.00** [line 2.5 x 0.10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

LOCAL FORM 3015-1
REVISED 09/2025

| | Creditor | Description of property |
|---|---|---|
| None | | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | *+ amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.1 | Kia Finance | 2022 KIA TELLURIDE | | | | | | | | 0 |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | *+ amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | Pro-Rata | | X Debtor<br>❑ Trustee | | $0.00 | | $0.00 | $0.00 |
| | | | | | | | | | | |
| | | | Current installment payment | | Disbursed by: | | | | | |
| | | | | | Debtor<br>❑ Trustee | | | | | |
| | | | | | | | | | | |

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| None | | | | | | | | | | | |
| | | | | | | | | | | TOTAL: | **$0.00** |

LOCAL FORM 3015-1
REVISED 09/2025

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 7.1 | SBA | $10,000.00 | 0.00% | ❑ | 08/26 | | | $0.00 | $0.00 | $10,000.00 |
| | | | | | 08/26 | $450.00 | 1 | $10,000.00 | | |
| | | | | | 09/26 | $405.00 | 24 | | | |
| | | | | | | | | | TOTAL: | **$10,000.00** |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | Nathan Hansen | $3,131.44 | | Pro-Rata | | $3,131.44 | $0.00 | $3,131.44 |
| 8.2 | MINNESOTA DEPARTMENT OF REVENUE | $893.64 | | Pro-Rata | | $893.64 | $0.00 | $893.64 |
| 8.3 | INTERNAL REVENUE SERVICE | $7,313.92 | | Pro-Rata | | $7,313.92 | $0.00 | $7,313.92 |
| | | | | | | | TOTAL: | **$11,339.00** |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| | **None** | | | | | | | |
| | | | | | | | TOTAL: | **$0.00** |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | **None** | | | | | | | | |
| | | | | | | | | TOTAL: | **$0.00** |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis.
**All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $0.00 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $476,796.50 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $476,796.50 |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 0.00% |

| | |
|---|---|
| Estimated remaining payments | |
| *+ amount paid to date by trustee (mod. plan only)* | |
| = TOTAL estimated payments | |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property<br>*(including the complete legal description of real property)* |
|---|---|---|
| | **Ideal Credit Union- 2020 Ram** | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. *See* 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | | a. Amount of lien | | ❑ Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): ____________. |
| Collateral: | | b. Amount of all other liens | | ❑ Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): ____________. The amount of the unsecured claim is (line f): ____________. |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Property tax claims and income tax claims shall be paid per claim whether filed as priority or secured. All leases of real or personal property by the debtor are hereby assumed pursuant to 11 U.S.C. Sec. 365(a), unless otherwise stated. Property of the estate vests in the debtor upon conversion, dismissal or discharge, whichever comes first.

Individual debtors shall be entitled to retain the first $1,200 of refunds and joint debtors shall be entitled to retain the first $2,000 of refunds. The debtor shall retain any amount attributable to the Earned Income Credit (EIC), if

Docusign Envelope ID: 6802A8F3-30EE-8DE7-8005-D9B1C45A97F2




any. Any remaining amounts shall be turned over to the Chapter 13 plan as additional plan payment.

Reference is made to paragraph 8, document 14, Adv. 24-03082, stipulation of dismissal.
The debtors agree that if, after confirmation of their chapter 13 plan, they fail to cure any default on their chapter 13 plan within 14 days of transmission of written notice of the default by counsel for the plaintiff (US Trustee), the Court shall enter an order converting this bankruptcy case to chapter 7 and denying defendants' discharge upon filing of an affidavit by counsel for the US Trustee.

Debtor 1 incurred a car loan with Consumer Portfolio Services, Inc. post-petition and will make those monthly payments directly to the lender.
Debtor 2 incurred a car loan with Credit Acceptance Corporation post-petition and will make those monthly payments directly to the lender.

IRS claims for 2024 will be paid as priority pursuant to 11 U.S.C. 1305

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | Total payments |
|---|---|
| Payments by trustee [Part 3] | $2,371.00 |

LOCAL FORM 3015-1
REVISED 09/2025

| Class of payment | Total payments |
|---|---|
| Maintenance of payments and cure of default, if any [Part 5] | $0.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $0.00 |
| Secured claims excluded from § 506 [Part 7] | $10,000.00 |
| Priority claims [Part 8] | $11,339.00 |
| Domestic support obligation claims [Part 9] | $0.00 |
| Separate classes of unsecured claims [Part 10] | $0.00 |
| Timely filed unsecured claims [Part 11] | $0.00 |
| TOTAL (must equal line 2.5) | $23,710.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: /e/ Barbara May
Attorney for debtor
Bar Number:
129689
Barbara J May Law Office
1915 Highway 36W Suite 173
Saint Paul, MN 55113
Phone: (651) 486-8887
Email: barbara@barbaramaylawoffice.com

DocuSigned by:
Signed: Jennifer Oseth
6DCC070AB4234D4...
Jennifer Oseth
Debtor 1

Signed by:
Signed: Jeffrey Allen Oseth
6DCC070AB4234D4...
Jeffrey Oseth
Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In Re:

Oseth, Jennifer AND
Oseth, Jeffrey — Case No.: BKY23-32765

Debtors. — Chapter 13

---

**NOTICE OF HEARING AND MOTION TO CONFIRM MODIFIED CHAPTER 13 PLAN**

---

To: The Chapter 13 Trustee, The U.S. Trustee, and the other entities specified in Local Rule 303 (D)(1):

1. The Debtor moves the court for the relief requested below and give notice of hearing.

2. The court will hold a hearing on this motion at 11:00AM on September 17, 2026, before The Honorable Katherine Constantine, Courtroom 8 West, 300 South Fourth Street, Minneapolis, MN 55415.

3. Any response to this Motion must be filed and and served by delivery not later than September 10, 2026, which is seven days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTIONS IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This court has jurisdiction over this Motion pursuant to 28 U.S.C. Section 157, and Section 1334 and Bankruptcy Rule 5005. This proceeding is a core proceeding. The conversion commencing this Chapter 13 case was filed on 10/24/2024.

5. This Motion arises under 11 U.S.C. Section 1329, and Bankruptcy Rule 3020. This Motion is filed under Bankruptcy Rule 9014 and Local Rules 1201-1215. Movant(s) request(s) the confirmation of the modified plan attached.

6. The Debtors have resolved an adversary proceeding with the SBA by agreeing to treat them as a secured creditor in the amount of $10,000.00 and by increasing their payments to the trustee in a modified plan. They ask that their plan be approved..

Date: 8/4/2026

/e/ Barbara J. May

Barbara J. May
Attorney for Debtors
1915 Highway 36W
Suite 173
Roseville, MN 55113
(612) 486-8887
Atty. I.D. #129689

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Oseth, Jennifer and
Oseth, Jeffrey

Case No.: BKY 23-32765

Debtors.

Chapter 13

MEMORANDUM OF LAW

Facts

The Debtors have resolved an adversary with the SBA by agreeing to treat them as a secured creditor in the amount of $10,000.00 and by increasing their payments to the trustee in a modified plan. They ask that their plan be approved..

Discussion

11 U.S.C. Section 1329 allows a debtor to modify a Chapter 13 plan after confirmation providing it meets the requirements set forth elsewhere in the Bankruptcy Code. The modified plan meets these requirements. Local Rule 608 requires a plan be modified by Motion.

The Debtors have served the Motion on each entity listed on the matrix, as required by the Motion, and have proposed a plan which meets the other requirements of the Code. All secured creditors remain adequately protected and the unsecured creditors have received all they are entitled to. The Debtors are entitled to confirmation of the modified plan.

Conclusion

The modified plan of the Debtors should be confirmed.

8/4/2026

Date: ________________________

/
Barbara J. May

________________________________________

Barbara J. May
1915 Highway 36W
Suite 173
Roseville, MN 551113
(612) 486-8887
Atty. I.D. #129689

\
\
UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Oseth, Jennifer and
Oseth, Jeffrey — Case No.: BKY 23-32765

Debtors. — Chapter 13

**ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN**

It appears that the debtor(s) filed a plan, that the plan conforms to Local Rules 3015-1 through 3020-3 and Local Form 3015-1, that copies thereof were mailed to creditors, that a meeting of creditors was held, that a hearing on confirmation of the plan was held, and no objection to confirmation of the plan as filed or as modified has been made, or if made, has been withdrawn or overruled by the court.

IT IS ORDERED:

1. The plan as filed or as modified is confirmed;

2. Any request of the debtor for termination of the stays in Part 16 of the plan is granted; and

3. Any application or motion for allowance of an administrative expense claim under 11 U.S.C. § 503(b) for preconfirmation legal services shall be filed no later than 90 days after the entry of this order.

Dated:

________________________________
Katherine Constantine
Bankruptcy Judge

# VERIFICATION

Jennifer and Jeffrey Oseth, having reviewed the attached document , declare under penalty of perjury that they know the information contained herein to be true and correct to the best of their knowledge.

Dated:8/4/2026

/s/ Jennifer Oseth
Jennifer Oseth

/s/ Jeffrey Oseth
Jeffrey Oseth

Label Matrix for local noticing
0864-3
Case 23-32765
District of Minnesota
St Paul
Wed Aug 5 13:40:15 CDT 2026

Accelerated Inventory Mgt. LLC
Bass & Associates, P.C.
3936 E. Ft. Lowell Road, Suite #200
Tucson, AZ 85712-1083

Consumer Portfolio Services, Inc.
c/o Stewart, Zlimen, & Jungers, LTD
2860 Patton Road
Roseville, MN 55113-1100

Lakeview Loan Servicing, LLC
Wilford, Geske & Cook
7616 Currell Blvd.
Ste 200
Woodbury, MN 55125-2296

Quantum3 Group LLC as agent for
Velocity Investments LLC
PO Box 788
Kirkland, WA 98083-0788

United States Small Business Administration
U. S. Attorney's Office
Attn: Adine S. Momoh
600 U.S. Courthouse
300 So. 4th Street
Minneapolis, MN 55415-1320

St Paul
200 Warren E. Burger Federal Building
and U.S. Courthouse
316 N Robert St
St Paul, MN 55101-1495

8Fig
1717 W 6th St Ste 33
Austin, TX 78703-4787

Accelerated Inventory Mgt. LLC
Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Suite 200
Tucson, AZ 85712-1083

Affirm
650 California St
San Francisco, CA 94108-2716

Affirm, Inc.
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

AllState Ins. & Direct Auto by All State
2012 Corporate Lane, Suite 108
BOX 4310 Naperville IL 60563-0726

American Express
General Inquiries
Po Box 981535
El Paso, TX 79998-1535

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Apple Card GS BANK
P.O BOX 7247
Philadelphia, PA 19170-0001

COMENITYBANK/HELZBERG
Po Box 183043
Columbus, OH 43218-3043

COMENITYBANK/MAURICES
Po Box 182273
Columbus, OH 43218-2273

COMENITYCAPITAL/SEPHORA
Bankruptcy Dept
Po Box 183043
Columbus, OH 43218-3043

CUTCO
1116 East State Street
Olean, NY 14760-3814

(p)CAINE & WEINER COMPANY
12005 FORD ROAD 300
DALLAS TX 75234-7262

Capital One Bank (USA), N.A.
Attn: General Correspondence
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

Capital One/Menards
Attn: General Correspondence
Po Box 30285
Salt Lake Cty, UT 84130-0285

Certified Recovery Inc
1280 W Clairemont Ave Ste 1
Eau Claire, WI 54701-5101

Citibank N.A.
Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD 57108-5027

Comenity/Rue21
Bankruptcy Dept
Po Box 183043
Columbus, OH 43218-3043

Comenity/Victoria Secret
Po Box 182273
Columbus, OH 43218-2273

Consumer Portfolio Services, Inc.
PO Box 57071
Irvine, CA 92619-7071

(p)CREDIT ACCEPTANCE CORPORATION
25505 WEST 12 MILE ROAD
SOUTHFIELD MI 48034-8316

Credit One Bank
General Correspondence
Po Box 98873
Las Vegas, NV 89193-8873

Department of Ed / Nelnet
121 South 13th St
Lincoln, NE 68508-1911

Directv, LLC
by American InfoSource as agent
PO Box 5072
Carol Stream, IL 60197-5072

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Discover Bank
General Correspondence
PO Box 30416
Salt Lake City, UT 84130-0416

Diversified Adj Svc.
600 Coon Rapids Blvd NW
Coon Rapids MN 55433-5549

Ecommison Financial Services Inc
11612 FM 2244 Road, Suite 200
Austin TX 78738-5409

Embrace Orthodontics
140 Birch St N # 106
Cambridge, MN 55008-1547

Express Cash Flow
333 Marine Avenue, #8
Balboa Island, CA 92662-1283

Faire
100 Potero Ave
San Francisco, CA 94103-4813

Fairview Health Services
PO Box 9372
Minneapolis, MN 55440-9372

GOLDMAN SACHS BANK
LOCKBOX 6112
Po Box 7247
Philadelphia, PA 19170-0001

Home Depot Credit Services
P O Box 790328
St. Louis, MO 63179-0328

(p)IDEAL CREDIT UNION FKA POSTAL CREDIT UNION
8499 TAMARACK ROAD
WOODBURY MN 55125-9201

Ideal Credit Union
8499 Tamarack Rd
Woodbury, MN 55125-9201

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Kevin Denis
13205 Saint Croix Ave
Lindstrom, MN 55045-9566

Kia Finance America
PO Box 20825
Fountain Valley, CA 92728-0825

Kirby & Shari Sells S&S Salons
280 12th Street SW
Forest Lake MN 55025-3778

Kohls/Capital One
PO Box 3115
Milwaukee, WI 53201-3115

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

LendingClub Bank
Lockbox Services - 134268
PO BOX 884268, Los Angeles, CA 90088

Michelle Chesebro
332 S Michigan, Suite 600
Chicago, IL 60604-4318

Minnesota Department of Revenue
551 Bkcy Section
Po Box 64447
Saint Paul, MN 55164-0447

NCB Management Services
One Allied Drive
Trevose, PA 19053-6945

One Main Financial
Bankruptcy Dept
P.O. Box 3251
Evansville, IN 47731-3251

OneMain Financial Group, LLC
PO Box 981037
Boston, MA 02298-1037

Oportun/Metabank
2 Circle Star Way
San Carlos, CA 94070-6200

Peterson Denis Properties LLC
30496 Broadway St
Lindstrom, MN 55045

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
Comenity Capital Bank
PO Box 788
Kirkland, WA 98083-0788

Resurgent Receivables, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

SBA EIDL Loan
Po Box 3918
Portland, OR 97208-3918

ServiceMac
PO Box 30096-9377

St. croix Health
235 E State St
St Croix Fls, WI 54024

State of Minnesota, Department of Revenue
PO Box 64447 - BKY
St Paul, MN 55164-0447

Synchrony Bank/Sams
P.O. Box 965005
Orlando, FL 32896-5005

THE HOME DEPOT/CBNA
5800 S Corporate Pl
Sioux Falls, SD 57108-5027

US DEPARTMENT OF EDUCATION C/O NELNET
121 S. 13TH STREET
LINCOLN NE 68508-1911

(p)U S SMALL BUSINESS ADMINISTRATION
ATTN BK NOTICES
332 S MICHIGAN AVE SUITE 600
CHICAGO IL 60604-4318

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

United States Trustee
300 S 4th St Ste 1015
Minneapolis, MN 55415-3070

Verizon
by American InfoSource as agent
PO Box 4457
Houston, TX 77210-4457

Victor
10575 Wyoming Ave
Chisago City, MN 55013-9326

Walker and Walker Law Offices
4356 Nicollet Ave
Minneapolis, MN 55409-2033

WebBank
215 S State St Ste 1000
Salt Lake Cty, UT 84111-2336

(p)XCEL ENERGY
ATTN BANKUPTCY DEPARTMENT
414 NICOLLET MALL
MINNEAPOLIS 55401-1993

XCEL ENERGY
PO Box 4176
Carol Stream, IL 60197-4176

shopify Capital
300 Deschutes Way SW 208 MC-CSC1
Olympia, WA 98501-7719

Andrew C. Walker
Walker & Walker Law Offices PLLC
4356 Nicollet Ave S
Minneapolis, MN 55409-2033

Barbara J May
Barbara J. May Law Firm
1915 Highway 36 West
Suite 103
Roseville, MN 55113-2709

Gregory A Burrell
100 South Fifth Street
Suite 480
Minneapolis, MN 55402-1250

Jeffrey Alan Oseth
29860 Lofton Avenue
Chisago City, MN 55013-9521

Jennifer Marie Oseth
29860 Lofton Avenue
Chisago City, MN 55013-9521

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Caine & Weiner Company, Inc.
PO BOX 55848
Sherman Oaks CA 91413-0848

Credit Acceptance Corporation
25505 W 12 Mile Road
Southfield, MI 48034-1846

Ideal Credit Union
2401 McKnight Rd N
St Paul, MN 55109

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud MN 56302-9617

US Small Business Administration
332 S Michigan, Suite 600
Chicago, IL 60604

XCEL ENERGY
PO BOX 9477
Minneapolis, MN 55484

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Quantum3 Group LLC as agent for
Velocity Investments LLC
PO Box 788
Kirkland, WA 98083-0788

(u)SYNCB/Care Credit
FL 32896
C/O
Orlando,
PO Box 965036

| | |
|---|---|
| End of Label Matrix | |
| Mailable recipients | 82 |
| Bypassed recipients | 2 |
| Total | 84 |

BKY23-32765

Barbara J. May, being duly sworn upon oath, says that on the 4th day of August, 2026, she served via US Mail, the Amended Chapter 13 plan, amended motion, memorandum of law and proposed order, on:

U.S. Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Gregory Burrell
100 South Fifth Street
Suite 480
Minneapolis, Minnesota 55402-

All Creditors on attached matrix

/e/ Barbara J. May

Barbara J. May